WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Encompass Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>AMCO Insurance Company,<br><br>Defendant. | No. CV-19-05198-PHX-DLR<br><br>**ORDER** |

Before the Court is AMCO Insurance Company's ("AMCO") motion to dismiss count one, which is fully briefed. (Docs. 36, 40, 42.) The Court will grant AMCO's motion.[1]

Plaintiff's complaint alleges the following. The suit arises from an accident occurring on May 17, 2015 in which Philip Nesbihal suffered injuries after riding a motorcycle owned by Jeffrey Bouma. (Doc. 1-3 at 3.) Mr. Nesbihal sued Mr. Bouma in Maricopa County Superior Court, contending that Mr. Bouma's negligent failure to properly repair his motorcycle, before providing it to Mr. Nesbihal, caused his injuries. (*Id.* at 4.) Mr. Bouma was insured under an AMCO insurance policy and an Encompass Insurance Company ("Encompass") excess insurance policy. (*Id.*) Mr. Bouma reported the accident to AMCO and Encompass and sold his motorcycle to AMCO. (*Id.*) On August

---

[1] AMCO's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

3, 2015 Mr. Bouma emailed AMCO, advising it to preserve the motorcycle as evidence. (*Id.*)

AMCO sold the motorcycle on August 17, 2015.  (Doc. 1-3 at 5.)  On September 25, 2015, Mr. Nesbihal's counsel contacted AMCO, telling it to preserve the motorcycle as evidence.  (*Id.*)  On October 6, 2015, AMCO replied that it had completed a review of its documentation and was unable to locate any request to preserve the motorcycle and that it had been shipped to Finland.  (*Id.*)  On October 7, 2015, Mr. Nesbihal's counsel replied that the motorcycle would not arrive in Finland until October 20, and that AMCO could still retrieve it.  Counsel for Mr. Nesbihal also provided a copy of Mr. Bouma's August 3, 2015 preservation request to AMCO and asked it to correct its misrepresentation that it had not received a preservation request.  On October 20, 2015, AMCO responded that it would not attempt to recover the motorcycle.  (*Id.*)

In the motorcycle's absence, Mr. Bouma and Encompass were unable in Maricopa County Superior Court to prove the motorcycle was roadworthy and that Mr. Bouma's repairs were not negligent.  Mr. Bouma and Mr. Nesbihal reached a settlement.  Then, on January 25, 2019, AMCO admitted, "On August 3, 2015, [Mr. Bouma] suggested to AMCO that it should preserve the motorcycle.  AMCO did not because, having paid [Mr. Bouma] the total loss, AMCO now owned the motorcycle and could do with its property as it wished." (*Id.*)  Plaintiff alleges that this admission proves that AMCO made fraudulent misrepresentations to Encompass regarding spoliation of the motorcycle.

Correspondingly, count one of Plaintiff's complaint brings a claim for fraudulent misrepresentation.  (Doc. 1-3 at 7-8.)  Federal Rule of Civil Procedure 9(b) requires that claims for fraud be pled with particularity to survive dismissal.  Particularly, under Arizona law, a plaintiff must assert the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury."  *Peery v. Hansen*, 585 P.2d 574, 577 (Ariz.

1978) (citing *Nielson v. Flashberg*, 419 P.2d 514 (Ariz. 1966)).

Rather than go into detail, Plaintiff's complaint conclusively recites the following:

> AMCO represented to Encompass that its spoliation of [the motorcycle] was unintentional.
>
> AMCO represented that not placing an evidence hold on [the motorcycle] was an oversight.
>
> AMCO represented that it had authorized an intensive effort to recover [the motorcycle] from the purchaser in Finland.
>
> AMCO represented that it was doing everything possible to recover [the motorcycle].
>
> AMCO's representations were material.
>
> AMCO's representations were false.
>
> AMCO knew its misrepresentations were false.
>
> AMCO intended Encompass to rely on the misrepresentations.
>
> Encompass did not know AMCO's representations were false.
>
> Encompass reasonably relied on AMCO's misrepresentations.
>
> AMCO's actions caused consequent and proximate injury to Encompass.

(Doc. 1-3 at 7-8.) Nowhere in the complaint does Plaintiff state the content of the specific statements, by whom and to whom, when, where, or by what means they were made. However, to satisfy Rule 9(b), a complaint must include "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted).

In an attempt to address these shortcomings, Plaintiff asserts in its response that Amy Hamilton and Ron Dubios, AMCO's staff counsel, and Edie Ferguson, AMCO's adjuster, made the following representations during a conference call on January 12, 2018, assumedly with Plaintiff's counsel:

> Defendant "failed to place an 'evidence hold' on [the motorcycle] and it was sold at auction to a salvage exporter. [The motorcycle] has been traced to a location in Finland. [Defendant] has authorized an intensive attempt to recover [the motorcycle] from the dealer in Finland. Even if [the motorcycle] is not recovered, it will show the court that

> [Defendant] had no intention of spoiling evidence. It was an oversight and [Defendant] is doing everything possible to recover [the motorcycle]."

(Doc. 40 at 2.)  Even if they were not absent from the complaint, these facts pose their own set of problems for Plaintiff.  Most notably, it is unclear how Encompass could have reasonably relied to its detriment on representations made by AMCO counsel and staff in 2018, years after AMCO failed to preserve the motorcycle as evidence.  Plaintiff does not address these reliance issues in its response and the complaint does no more than conclusively state that Encompass "reasonably relied on AMCO's misrepresentations." (Doc. 1-3 at 8.)  Such a bare assertion is insufficient to overcome AMCO's motion to dismiss. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Further, the Court struggles to understand how the representations made by AMCO were material or injured Encompass.  Assuming Encompass suffered injury at the hands of AMCO, its injury stems from AMCO's failure to preserve the motorcycle as evidence.  It is unclear how statements made by AMCO regarding its decision to, or not to, preserve the evidence, themselves, caused Encompass harm.  Encompass does not allege that it would have taken different actions in the absence of these representations, such as to independently attempt to retrieve the motorcycle.  Rather, Encompass merely makes the conclusory assertions that the statements by AMCO were material and injured Encompass.  Such assertions, again, are insufficient.  Dismissal of count one is appropriate.

Ordinarily, courts should not dismiss claims without allowing leave to amend. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000) (The Ninth Circuit has a "strong policy favoring leave to amend.").  However, the Court has explained its procedure for requesting leave,[2] which Plaintiff has not followed.  Further, AMCO sent a letter to Plaintiff on February 14, 2020, noting the complaint's failure to plead fraud with

---

[2] "[I]f Defendant files a motion under Rule 12(b)(b) [] notwithstanding Plaintiff's belief that further amendment of the complaint can cure the alleged defect(s), Plaintiff must submit, no later than the time Plaintiff files a response to the motion, a proposed amended complaint that complies with LRCiv 15.1(a) and contains all further allegations Plaintiff could make. In the event a motion to dismiss or for judgment on the pleadings is granted in any part, no leave to amend the complaint will be granted beyond what is offered in the proposed amended complaint." (*See* Doc. 5 at 2)

- 4 -

particularity and offering Plaintiff the opportunity to file an amended complaint by February 28, 2020 to prevent AMCO from filing the instant motion to dismiss. (Doc. 36 at 38-42.) Yet, Plaintiff did not file an amended complaint. Finally, because Plaintiff has not identified or asserted that additional factual allegations exist that could save its claim, despite ample opportunity to do so in its response, the Court will dismiss count one against AMCO without leave to amend.

**IT IS ORDERED** that AMCO's motion to dismiss count one (Doc. 36) is **GRANTED**. Count one of Plaintiff's complaint is dismissed.

Dated this 1st day of May, 2020.

Douglas L. Rayes
United States District Judge