**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Encompass Insurance Company, | No. CV-19-05198-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| AMCO Insurance Company, | |
| Defendant. | |

Before the Court is AMCO Insurance Company's ("AMCO") fully briefed partial motion for summary judgment, which addresses count two of Encompass Insurance Company's ("Encompass") complaint. (Docs. 24, 37, 41.) The Court will grant AMCO's motion.[1]

**I. Background**

On May 17, 2015, Philip Nesbihal suffered injuries after riding a motorcycle owned by Jeffrey Bouma. (Doc. 1-3 at 3.) Mr. Bouma was insured under an AMCO liability insurance policy with bodily injury limits of $250,000 per person and an Encompass excess insurance policy with limits of $2,000,000. (*Id.* at 4.) Mr. Bouma reported the accident to AMCO and Encompass and sold his motorcycle to AMCO. (*Id.*) On August 3, 2015, Mr. Bouma emailed AMCO adjuster Matt Sparks, noting,

---

[1] AMCO's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

> [Mr. Nesbihal] has contacted a lawyer and [told me] I should expect a letter asking the bike be preserved for inspection. I believe they may be looking [at] defective roadway design/defective signage. I will pass [] any information I have on, but you should make sure the bike is preserved until we are sure it is not needed as evidence.

(Doc. 24-1 at 68.) However, AMCO sold the motorcycle on August 17, 2015. (Doc. 1-3 at 5.) On September 21, 2015, the new owner shipped the motorcycle to Finland. (Doc. 24-1 at 70.) On September 24, 2015, Mr. Nesbihal's counsel contacted AMCO, telling it to preserve the motorcycle as evidence. (*Id.* at 90-91.) On October 20, 2015, AMCO responded that it would not attempt to recover the motorcycle.

On May 5, 2017, Mr. Nesbihal sued Mr. Bouma in Maricopa County Superior Court for allegedly negligently repairing the motorcycle, and AMCO provided Mr. Bouma with defense. Mr. Nesbihal rejected four offers from AMCO to provide its policy limits in exchange for a release of the claims against Mr. Bouma. (Doc. 24-1 at 114, 133-34.) Ultimately, in May 2019, Mr. Nesbihal released his claims against Mr. Bouma in exchange for AMCO paying its $250,000 limits, Encompass paying $800,000, and Encompass assigning to Mr. Nesbihal its equitable subrogation rights to Mr. Bouma's alleged bad faith claims against AMCO. (*Id.* at 101-04.)

On September 18, 2019, Plaintiff filed this action. (Doc. 1.) On January 15, 2020, AMCO moved for summary judgment on count two of the complaint. (Doc. 24.) In count two, Plaintiff steps into Mr. Bouma's shoes and brings a claim against AMCO for allegedly breaching its covenant of good faith and fair dealing with him. (Doc. 1-3 at 8-9.) AMCO's motion is now ripe.

**II. Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

**III. Analysis**

When addressing cases of third-party coverage, Arizona recognizes three implied duties owed by an insurer to an insured which, if breached, can give rise to a claim against the insurer for bad faith: the duty to indemnify, the duty to defend, and the duty to give equal consideration to the insured's interests when settlement offers are made within policy limits. *Mora v. Phoenix Indem. Ins. Co.*, 996 P.2d 116, 120 (Ariz. Ct. App. 1999). Plaintiff asks the Court to find AMCO liable for breaching a duty not imposed on insurers by Arizona law—the duty to preserve evidence for another.[2] Even if this obstacle to relief did not exist, the insurance agreement between AMCO and Mr. Bouma expressly disclaims any duty on the part of AMCO to preserve evidence, stating, "[i]f we take possession of salvage, we have no obligation under any circumstance to maintain possession of said salvage, including possible evidence in a legal proceeding." (Doc. 24-1 at 19.) The implied

---

[2] Contrary to Plaintiff's contentions, the duty to preserve evidence applies to litigants, not to non-parties to the Nesbihal-Bouma litigation, such as AMCO. *Lips v. Scottsdale Healthcare Corp.,* 229 P.3d 1008 (Ariz. 2010) (en banc).

covenant of good faith and fair dealing cannot contradict the express terms of a contract. *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 434 (Ariz. Ct. App. 2002).

Plaintiff asserts that AMCO nevertheless is equitably estopped from using the contract language to disclaim a duty to preserve the motorcycle evidence because Mr. Bouma relied on AMCO's representations that it would preserve the motorcycle to his detriment. To make an equitable estoppel defense, Plaintiff must show the following: "(1) the party to be estopped must know the facts; (2) [it] must intend that [its] conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) [the latter] must rely on the former's conduct to his injury." *U.S. v. Georgie-Pacific Co.*, 421 F.2d 92, 96 (9th Cir. 1970) (citation omitted). Plaintiff's equitable estoppel defense can be boiled down to the following: AMCO impliedly represented that it would preserve the motorcycle when it accepted it from Mr. Bouma and when it did not expressly refuse to preserve it when Mr. Bouma asked it to.

AMCO's acceptance of the motorcycle in accordance with their agreement and silence following Mr. Bouma's preservation request is not behavior equivalent to making representations that it would preserve the motorcycle. Of note, Plaintiff admits that in October 2015, AMCO underscored to the contrary—that it did not intend to make any efforts to recover the motorcycle.[3] (Doc. 24-1 at 81.) Further, Plaintiff has presented no evidence suggesting that AMCO intended Mr. Bouma to rely on its silence as acquiescence prior to October 2015, and Mr. Bouma—as a party to the insurance agreement—had no basis to believe that AMCO had a duty to preserve the motorcycle or that it had otherwise voluntarily assumed the responsibility. Accordingly, Plaintiff's equitable estoppel defense fails. As a result, Plaintiff's claim for breach of the covenant of good faith and fair dealing based on spoliation fails as a matter of law.[4]

---

[3] Any additional argument by Plaintiff that AMCO assumed a duty to preserve evidence following Mr. Bouma's request is also misguided because "a mere request for assistance does not create a legal duty to help another." *Lips*, 229 P.3d at 1011 (citation omitted).

[4] The Court is unpersuaded by Plaintiff's suggestion that it should nevertheless impose the duty to preserve evidence on AMCO here because courts in other states have

- 4 -

Second, Plaintiff appears to seek relief against AMCO on its breach of the covenant claim based on AMCO's alleged violation of the duty to defend Mr. Bouma and duty to give equal consideration to Mr. Bouma's interests when settlement offers were made within policy limits.  It is undisputed that Mr. Bouma was defended by AMCO, was not subject to an excess judgment, and received full indemnification from AMCO.  Instead, Plaintiff asserts that AMCO breached the covenant of good faith and fair dealing by letting a February 22, 2019 settlement offer from Mr. Nesbihal lapse. (Doc. 37 at 4.)  However, the February 22, 2019 settlement offer was not a demand that AMCO, alone, settle within its policy limits for $250,000, but rather a demand for the policy limits of both AMCO and Encompass, amounting to $2,250,000.   Acceptance of the settlement was contingent on Encompass agreeing to pay its policy limits, which it refused.  The undisputed evidence shows that AMCO diligently sought to settle the lawsuit on behalf of Mr. Bouma.  Mr. Nesbihal had, prior to February 22, 2019, received two offers from AMCO to settle the claims for $250,000, which Mr. Nesbihal refused; thereafter, AMCO continued to offer $250,000 until the lawsuit settled. (Doc. 24-1 at 114, 147, 149.)  Plaintiff has not produced additional evidence to justify the survival of its breach of the covenant claim on this basis or any other basis.  Accordingly,

**IT IS ORDERED** that AMCO's motion for partial summary judgment (Doc. 24) is **GRANTED**.

//
//
//
//
//

---

done so. (Doc. 37 at 5-6.) Plaintiff has directed the Court to no caselaw indicating that such a finding would be appropriate under Arizona law. The Court is similarly unpersuaded that AMCO should be considered to have been a "litigant" in the Nesbihal-Bouma suit and therefore obligated to preserve evidence. Finally, Plaintiff attempts to generally transform the breach of the covenant claim into a claim for intentional spoliation. (Doc. 37 at 8-12.) Even if Arizona recognized the claim of intentional spoliation, which it has not, Plaintiff may not alter count two at this late stage by reframing it in response to AMCO's motion for partial summary judgment.

**IT IS FURTHER ORDERED** that a telephonic trial scheduling conference is set for **May 18, 2020 at 04:00 PM** before Judge Douglas L Rayes. The parties will be provided call-in information via separate email.

Dated this 12th day of May, 2020.

Douglas L. Rayes
United States District Judge